UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------x
NORTHWELL HEALTH, INC.,            :
                                   :
                    Plaintiff,     :   Civil Action No.
                                   :
        v.                         :
                                   :
NORTHWELL STAFFING AGENCY, LLC, and :
VERONICA WOODS, a/k/a VERNICA WOODS, :
a/k/a/ VERTISSHA WOODS,            :
                                   :
                    Defendants.    :
------------------------------x

## COMPLAINT

Plaintiff Northwell Health, Inc. ("Plaintiff" or "Northwell"), through its attorneys, complaining of Defendants NorthWell Staffing Agency, LLC and Veronica Woods, a/k/a Vernica Woods, a/k/a Vertissha Woods, alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law and in equity to remedy acts of, inter alia, (1) trademark infringement under 15 U.S.C. § 1114(1); (2) false designation of origin under 15 U.S.C. § 1125(a); (3) unfair competition under the common law of New York; and (4) violation of the Anticybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d), all caused by Defendant NorthWell Staffing Agency, LLC ("Defendant NWSA") and Defendant Veronica Woods, a/k/a Vernica Woods, a/k/a Vertissha Woods ("Defendant Woods," together with Defendant NWSA, the "Defendants") unauthorized use in the counties of Nassau, Queens and Suffolk of Plaintiff's well known and distinctive service marks, corporate names and trade names, NORTHWELL HEALTH and NORTHWELL HEALTH, INC. (collectively, the "NORTHWELL Mark").

651562.1

2. Plaintiff is a New York not-for-profit corporation having an office and place of business at 2000 Marcus Avenue, New Hyde Park, NY 11042.

3. Upon information and belief, Defendant NWSA is a New York limited liability company with places of business at 121-19 Sutphin Boulevard, Jamaica, NY 11434 and 64 S. Clinton Avenue, 3A, Bay Shore, NY 11706.

4. Upon information and belief, Defendant Woods reorganized into NorthWell Staffing Agency, LLC, or otherwise formed, a related company called Blessed Healthcare Staffing Agency, Inc. ("BHSA"), which was dissolved by proclamation or annulment of authority on October 26, 2016.

5. Upon information and belief, Defendant NWSA is transacting and doing business within this judicial district, is committing the acts complained of herein within this judicial district and is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

6. Upon information and belief, Defendant Woods is an individual residing at 64 S. Clinton Avenue, Apt. 3A, Bay Shore, NY 11706.

7. Upon information and belief, Defendant Woods is a principal of Defendant NWSA and is a moving, active, and conscious force behind Defendant NWSA's acts of infringement, unfair competition and cybersquatting alleged herein.

8. In particular, upon information and belief, Defendant Woods authorized and approved the acts of infringement, unfair competition and cybersquatting alleged herein.

9. By means of illustration only, Defendant Woods is listed as the "Administrator" and "Authorized Official" for Defendant NWSA according to National Provider Identifier Database at https://npidb.org/organizations/agencies/home-health_251e00000x/1699214031.aspx

and also at http://npino.com/home-health/1699214031-northwell-staffing-agency-llc/. Copies of these pages are annexed hereto as Exhibits A and B, respectively.

10. Defendant Woods also wrote to third party Fidelis on behalf of Defendant NWSA and provided her email address at vwoods@northwellstaffing.com as contact information. A copy of that letter is annexed hereto as Exhibit C.

11. Upon information and belief, Defendant Woods is transacting and doing business within this judicial district, is committing the acts complained of herein within this judicial district and is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

12. This court has original jurisdiction over Northwell's claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338, 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

Plaintiff's Well-known NORTHWELL Mark

14. Northwell is the owner of the NORTHWELL Mark in connection with a wide variety of medical and healthcare and related services, provided primarily in New York State, and the counties of Nassau, Queens and Suffolk in particular.

15. Northwell is the largest integrated health system in New York State and is also the largest private employer in New York State.

16. Northwell's vast health system includes 21 hospitals, over 450 community facilities, and a large network of long-term care, rehabilitation, home care, hospice, and medical and nursing schools.

17. Northwell has approximately 61,000 employees and more than 12,000 member physicians.

18. Northwell's services include a staffing agency, a licensed home care agency and two certified home health agencies which provide for medical and healthcare needs, including nurses, home health aides, physical, speech and occupational therapists, social workers and personal care assistants for inpatient facilities, ambulatory practices and home care needs.

19. Northwell, formerly known as North Shore-Long Island Jewish Health System, Inc., has been operating in New York State for over twenty years.

20. The name change from North Shore-Long Island Jewish Health System, Inc. to Northwell occurred pursuant to the filing by the Secretary of State of the State of New York of a Certificate of Amendment to its Certificate of Incorporation on December 4, 2015.

21. Northwell has been using its NORTHWELL Mark since January 1, 2016, and its name change to Northwell was well publicized months before that, including in such well known publications as *The New York Daily News*, *The Washington Times* and *Crains New York* in September 2015.

22. The NORTHWELL Mark has been extensively promoted and received significant positive press and attention from the trade and public. The marketing campaign for services provided under the NORTHWELL Mark has included commercials on major networks and in Super Bowl 2016, advertisements in such well known publication as *The New York Times* and *The Wall Street Journal*. Examples of the marketing campaign are annexed hereto collectively as Exhibit D.

23. Based on all of the foregoing, the NORTHWELL Mark has gained a secondary meaning as denoting medical and healthcare and related services of excellent quality and value stemming from Northwell Health, and the NORTHWELL Mark has become a business asset of immense value to Northwell.

24.     Northwell is the owner of U.S. Registration Nos. 5,014,738 and 5,005,174 for its NORTHWELL Mark for a wide range of medical and healthcare services, with priority filing dates of July 6, 2015 (word mark) and September 22, 2015 (word and design mark). Copies of these Registrations are annexed hereto as Exhibits E and F, respectively. These Registrations are in full force and effect and have never been abandoned.

Defendants' Infringing Activities

25.     Long after Northwell's adoption and use of the NORTHWELL Mark, and long after the NORTHWELL Mark achieved widespread commercial recognition, on or about September 12, 2016, Defendants, without Northwell's authorization or consent, formed NorthWell Staffing Agency, LLC in New York State and began operating as NorthWell Staffing Agency (the "Infringing Mark") on Long Island and in Queens County in New York.

26.     Given the identical nature of the dominant element, NORTHWELL, in both parties' names, and the fact that both parties provide medical and healthcare staffing services, including nurses, home health aides, physical, speech and occupational therapists, social workers and personal care assistants for ambulatory practices and home care needs, use of the Infringing Mark creates the false impression that the parties' services emanate from the same source or that there is an affiliation, license or other relationship between the parties, when there is not.

27.     The likelihood of confusion is particularly strong because Defendant NWSA's services are provided in the same geographic region as Northwell's, *i.e.*, on Long Island and in nearby Queens.

28.     The likelihood of confusion is also strong because Defendant NWSA and Northwell have each entered into contracts with one or more of the same health plans, pursuant

to which such health plans have agreed to reimburse Defendant NWSA and Northwell for the provision of healthcare services to such health plans' members.

29.     Defendants' use of the Infringing Mark is particularly damaging to Northwell's reputation since Defendant NWSA has received bad reviews for allegedly not paying its nursing staff and failing to send pertinent documentation to Albany for a patient's continuity of care. *See* reviews on https://www.yellowpages.com/lindenhurst-ny/mip/blessed-healthcare-staffing-agency-18498951 annexed hereto as Exhibit G.  Consumers and the public are likely to mistakenly believe that Northwell has committed these offenses, and its reputation will be irreparably harmed.

30.     Indeed, a patient called Northwell to complain about the failure of Defendant NWSA to pay his caregiver under the mistaken belief that Defendant NWSA and Northwell are the same company.

31.     Northwell also received a call from a health plan mistakenly believing that Defendant NSWA and Northwell are the same company.

32.     These calls from a patient and a health plan are evidence that Defendants' use of the Infringing Mark is causing actual confusion, and this is compelling evidence of infringement.

33.     Upon information and belief, Defendants' acts of infringement, unfair competition and cybersquatting have been willful.

34.     On or about March 8, 2017, Northwell, through counsel, sent a notice letter to Defendant NWSA using Defendant Woods' email address which she provided in the letter from Defendant NWSA to third party Fidelis (*see* Exhibit C).

35. Northwell's notice letter to Defendant NWSA articulated Northwell's objections to Defendants' use of the Infringing Mark and demanded that Defendants immediately cease use of the Infringing Mark. A copy of that letter is annexed hereto as Exhibit H.

36. In response to the notice letter, Defendant Woods contacted Northwell's counsel and indicated that Defendant NWSA had no intention of ceasing use of the Infringing Mark.

## COUNT I

### VIOLATION OF 15 U.S.C. § 1114(1)

37. This Count arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 *et. seq.*, particularly under U.S.C. § 1114(1), and alleges infringement of a federally registered service mark.

38. Northwell repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

39. The use of the Infringing Mark by Defendants is without permission or authority of Northwell and such use has been and continues to be in a manner likely to cause confusion, to cause mistake and to deceive. Among other things, Defendants' use of the Infringing Mark is likely to lead others to mistakenly believe that the staffing of nurses and other medical professionals provided under the Infringing Mark originates from or is in some way associated with, sponsored or endorsed by, or related to Northwell when it is not.

40. The aforesaid and continuing acts of Defendants infringe Northwell's registered NORTHWELL Mark in violation of 15 U.S.C. § 1114(1). Said continuing violation is causing and, unless enjoined, will continue to cause irreparable harm and damage to Northwell and its business, reputation and goodwill and has caused Northwell to suffer monetary damages in an amount that has yet to be determined.

41. Unless restrained and enjoined, Defendants' continuing acts of infringement will cause Northwell irreparable harm and damage for which there is no adequate remedy at law.

## COUNT II

## UNFAIR COMPETITION UNDER THE LANHAM ACT

42. This Count arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 *et. seq.*, particularly under U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin and false descriptions and representations.

43. Northwell repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

44. Defendants' use of the Infringing Mark is likely to create confusion and to deceive consumers and others in the medical and healthcare communities as to the source of origin, sponsorship and/or authorization of Defendants' business.

45. As more fully set forth above, the NORTHWELL Mark has come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with Northwell. The purchasing public and others in the medical and healthcare communities are likely to mistakenly attribute to Northwell the use by Defendants of the Infringing Mark as a source of origin, authorization, affiliation, and/or sponsorship for Defendant NWSA's medical and healthcare staffing services, and, therefore, to utilize Defendant NWSA's services in that erroneous belief.

46. Defendants' adoption and continued willful use of a mark confusingly similar to that of Northwell as herein above alleged, constitutes a use in interstate commerce and a false designation of origin or false and misleading description or representation of goods and/or services in commerce, with knowledge of the falsity, and deceptive misdescription, which is likely to cause confusion, mistake and deception, and in commercial advertising and promotion,

misrepresents the nature, characteristics, qualities and origin of Defendants' staffing services, within the meaning and in violation of 15 U.S.C. § 1125(a).

47. Defendants have used in connection with the providing of staffing services, false designations of origin and false descriptions and representations, including words or other symbols, which tend falsely to describe or represent such services and has caused such services to be provided and sold in commerce with full knowledge or willful blindness of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Northwell. In particular, the operation by Defendant NWSA of a staffing agency under the Infringing Mark constitutes the use of false descriptions and representations tending falsely to describe services provided by Defendant NWSA.

48. Said continuing violation is causing and, unless enjoined, will continue to cause irreparable harm and damage to Northwell and its business, reputation and goodwill and has caused Northwell to suffer monetary damages in an amount that has yet to be determined.

49. Unless restrained and enjoined, Defendants' continuing acts of infringement will cause Northwell irreparable harm and damage for which there is no adequate remedy at law.

## COUNT III

### UNFAIR COMPETITION UNDER THE COMMON LAW OF NEW YORK

50. This claim arises under the common law of the State of New York and alleges the willful and intentional unfair competition by Defendants.

51. Northwell repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

52. As more fully set forth above, Plaintiff's NORTHWELL Mark has come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with Northwell.

53. As a result of Defendants' use of the Infringing Mark, the trade and purchasing public is likely to believe erroneously that Defendants' staffing services originate from Northwell or that Defendants' staffing services are sponsored or endorsed by or affiliated with Northwell.

54. As more fully set forth above, the use by Defendants of the Infringing Mark constitutes passing off, unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices wherein Defendants' conduct is likely to cause confusion in the trade as to the source of Defendants' staffing services or is likely to lead the public to believe that Defendants and their staffing services are in some way connected with Northwell when in fact they are not, all to the detriment of Northwell and in violation of the common law of the State of New York.

55. Said continuing violation is causing and, unless enjoined, will continue to cause irreparable harm and damage to Northwell and its business, reputation and goodwill and has caused Northwell to suffer monetary damages in an amount that has yet to be determined.

56. Unless restrained and enjoined, Defendants' continuing acts of infringement will cause Northwell irreparable harm and damage for which there is no adequate remedy at law.

## COUNT IV

## CYBERSQUATTING UNDER THE LANHAM ACT

57. This Count arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051 *et. seq.*, particularly under U.S.C. § 1125(d), and alleges cybersquatting under the Anti-cybersquatting Consumer Protection Act.

58. Plaintiff repeats and realleges the allegations contained in the preceding Paragraphs as if fully set forth herein.

59. Upon information and belief, Defendants at all relevant times, are and continue to be aware of the goodwill, reputation and value represented and symbolized by the NORTHWELL Mark, and were and continue to be aware that the NORTHWELL Mark is recognized and relied upon by the trade and the public to identify the medical and healthcare services of Northwell (including its medical and healthcare staffing services) and to distinguish them from the goods and services of others.

60. Upon information and belief, notwithstanding the reputation and goodwill represented by the NORTHWELL Mark and the Defendants' awareness thereof, and, upon information and belief, precisely because of said awareness, Defendants, upon information and belief, willfully and in bad faith registered, through BHSA, and themselves began in bad faith using in commerce the domain name NORHTWELLSTAFFING.COM (the "Infringing Domain"), including, without limitation, in connection with the email address for Defendant Woods, vwoods@northwellstaffing.com, as evidenced by the contact information handwritten on the letter from Defendant NWSA to third party Fidelis (*see* Exhibit C).

61. The Infringing Domain is confusingly similar to the NORTHWELL Mark.

62. Upon information and belief, the activities of Defendants complained of are willful, intentional, in bad faith and in total disregard of Northwell's rights and were commenced and have continued despite Defendants' knowledge that the unauthorized registration and use of the NORTHWELL Mark or a copy or a colorable imitation thereof as a domain name, including, without limitation, the Infringing Domain, was and is in direct contravention of Northwell's rights.

63. The registration and use in commerce by Defendants of the Infringing Domain has been without the consent of Northwell, and is likely to cause confusion and mistake in the

minds of the purchasing public and falsely create the impression that the staffing services provided under the Infringing Mark are authorized, sponsored, or approved by Northwell when in fact, they are not.

64. Upon information and belief, the activities of Defendants complained of herein were conducted in bad faith and constitute willful and intentional conduct intended to trade on Northwell's reputation.

65. The Defendants' registration and continued use of the Infringing Domain has caused, is causing and, unless enjoined, will continue to cause irreparable harm and damage to Northwell and its business, reputation and goodwill and has caused Northwell to suffer monetary damages in an amount not thus far determined.

66. Unless restrained and enjoined, the Defendants' aforesaid acts will cause Northwell irreparable harm and damage for which there is no adequate remedy at law.

WHEREFORE, Northwell demands:

I. That a preliminary and permanent injunction be issued enjoining Defendants and their agents, servants, employees and attorneys and those persons in active concert or participation with them:

    A. from providing or promoting any services under the Infringing Mark or from otherwise using the Infringing Mark or any other mark or name which contains the NORTHWELL element or is confusingly similar to the NORTHWELL Mark, including, without limitation, as a service mark, corporate name, trade name, certificate of assumed name or domain name;

    B. from unfairly competing with Northwell; and

   C. from using in connection with the sale of any goods or services, a false or misleading description or representation including words or other symbols tending to deceive.

II. That Defendants be required to pay such actual damages as Northwell has sustained in consequence of the acts of Defendants complained of herein, and that any such monetary award be enhanced up to three times pursuant to the provisions of 15 U.S.C. § 1117.

III. That Defendants be required to account to Northwell for all profits resulting from Defendants' infringing activities and that such award of profits to Northwell be increased by the Court as provided for under 15 U.S.C. § 1117.

IV. That Defendants be ordered to pay damages to Northwell in the amount of $100,000 for the Infringing Domain pursuant to 15 U.S.C. § 1117(d).

V. That Defendants be ordered to transfer to Northwell the Infringing Domain and any other domain name owned and/or controlled by Defendants that contains the NORTHWELL element or a colorable imitation thereof, including, without limitation, the Infringing Mark.

VI. That the Court find this case to be exceptional and award reasonable attorneys' fees to Northwell.

VII. That Northwell have a recovery from Defendants of the costs of this action pursuant to 15 U.S.C. § 1117.

VIII. That Defendants be required to pay to Northwell punitive damages in connection with Northwell's common law unfair competition claim.

IX. That Defendants be ordered to deliver up to Northwell for destruction all signs, labels, stickers, prints, packages, wrappers, receptacles, advertisements and other written or

printed material in its possession, custody or control which bear the Infringing Mark and/or the Infringing Domain, alone or in combination with any other words, marks or other elements.

  X. That Defendants be required to advise all relevant trade directories that they are no longer operating under the Infringing Mark.

  XI. That Northwell have all other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

Dated: New York, New York
   March 22, 2017

By: /s/
Kenneth P. George (KG 1206)
Holly Pekowsky (HP 5034)

AMSTER, ROTHSTEIN & EBENSTEIN LLP
Attorneys for Plaintiff Northwell Health, Inc.
90 Park Avenue
New York, New York 10016
Tel No.: (212) 336-8000
Fax No.: (212) 336-8001